# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 2, 2010

No. 09-11089
Summary Calendar

Lyle W. Cayce
Clerk

ANDRE WILLIAM HURREY,

Plaintiff-Appellant

v.

PATSY BELL; Warden Tulia Unit, in her personal capacity only; STATE OF
TEXAS, in its personal capacity only,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CV-137

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Andre William Hurrey, Texas prisoner # 1413337, appeals the district
court's dismissal of his pro se, in forma pauperis 42 U.S.C. § 1983 action with
prejudice as frivolous and without prejudice pursuant to FED. R. CIV. PRO.
12(b)(1) and for failure to state a claim. Hurrey seeks to have his § 1983
complaint reinstated and raises numerous issues on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Hurrey failed to raise the majority of his arguments before the district court. This court generally does not address arguments raised for the first time on appeal. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000) ("It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered."). Moreover, Hurrey fails to brief any argument regarding the district court's dismissal of his § 1983 complaint as frivolous in part, pursuant to Rule 12(b)(1) in part, and for failure to state a claim in part. Failure to identify any error in the district court's analysis is the same as if the appellant had not appealed the judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Therefore, Hurrey has abandoned any challenge to the district court's dismissal of his civil rights complaint. *See Brinkmann*, 813 F.2d at 748. This appeal is without arguable merit and is thus frivolous. See *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). It is therefore DISMISSED. *See* 5TH CIR. R. 42.2.

This court's dismissal of Hurrey's appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Hurrey should be cautioned that if he accumulates three strikes he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED, SANCTION WARNING ISSUED.